# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0464V
UNPUBLISHED

| | |
|---|---|
| CHARLA THORNTON,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master **Corcoran**<br>**Filed**: October 18, 2019<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Onset;  Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

**Michael Patrick Milmoe**, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
**Mollie Danielle Gorney**, U.S. Department of Justice, Washington, DC, for respondent.

## **FINDINGS OF FACT**[1]

On March 30, 2018, Charla Thornton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury, which was caused by an influenza ("flu") vaccine she received on October 6, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

For the reasons discussed below, I find the onset of Petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, Petitioner suffered symptoms manifested by pain within 48 hours of vaccination.

---

[1] This ruling will be posted on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.     **Relevant Procedural History**

In support of her claim, Petitioner filed medical records (Exs. 2-9) and her own affidavit (Ex. 10). Deadlines for Respondent to report his position in the case were set following the May 8, 2018 initial status conference. ECF No. 9; *see also* ECF No. 13, ECF No. 15, and ECF No. 17 and Docket Entry, dated January 30, 2019.

On March 5, 2019, Respondent filed a status report stating that he was willing to engage in discussions regarding a potential settlement or proffer. ECF No. 24. Petitioner provided a demand on April 4, 2019. ECF No. 26. On May 6, 2019, however, Petitioner filed a status report indicating that further settlement discussions would not be fruitful, expressing the position that a fact ruling regarding onset would be necessary to resolve this case and requesting that respondent be ordered to file his Rule 4(c) Report. ECF No. 28. In an email to the staff attorney managing the case at the time, Respondent agreed to file the requested Rule 4(c) Report and requested 45 days to do so. ECF No. 29. Respondent filed his Rule 4(c) Report on June 24, 2019. ECF No. 32.

Petitioner subsequently filed a motion for fact ruling on onset on September 5, 2019 (listed on the docket as "motion for ruling on the record"). ECF No. 37. Respondent responded to this motion on September 19, 2019, and Petitioner filed a reply to the response on September 23, 2019. ECF No. 38 and ECF No. 39.

The matter is now ripe for adjudication.

II.    **Issue**

At issue is whether Petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and Aids to Interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

III.   **Authority**

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1). A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id*.

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs*., 993 F.2d 1525, 1528 (Fed. Cir. 1993).

IV.   **Finding of Fact**

I make the findings in this ruling after a complete review of the record, including all medical records, affidavits, testimony, expert reports, Respondent's Rule 4 Report, and additional evidence filed. Specifically, I base the finding on the following evidence:

- Ms. Thornton received the influenza vaccination in her right deltoid at Carolinas Medical Center, her place of work, on October 6, 2016. Ex. 1 at 1.

- On November 7, 2016, Petitioner presented to Carolinas Health Care Systems for complaints of right shoulder pain. Ex 5 at 2. She reported pain "since the flu shot." *Id*. Treatment records reflect a diagnosis of rotator cuff tendinitis plus inflammation of other muscle groups due to reaction to "flu shot." *Id*.

- Petitioner presented to Dr. Nady Hamid, an orthopedic surgeon, on January 10, 2017 with a chief complaint of "right shoulder pain following flu shot on 6OCT16." Ex. 3 at 7.

- In physical therapy treatment notes dated January 20, 2017, Petitioner is described as a "female nurse who experienced a significant pain response in R shoulder and upper arm after receiving a flu shot in her R dominant upper arm October 6, 2016." Ex. 2 at 234. The date of injury/onset is also listed as October 6, 2016. *Id*. at 220.

- On February 17, 2017, Ms. Thornton reported to Kerri-Ann Thompson, her primary care physician, that she suffered a work-related injury due to a misplaced flu vaccine into the right upper arm. Ex. 4 at 116.

- At an appointment with Dr. Patricia Shannon, a physiatrist, Petitioner reported that she "immediately" developed right shoulder pain after her flu shot in October 2016. Ex. 8 at 2.

- Treatment records from Dr. Anthony Martin, a family medicine practitioner, reflect that Petitioner reported that all her symptoms started after receiving a flu shot from work. Ex. 11 at 2.

- In an affidavit dated April 6, 2018, Petitioner alleged that she experienced pain and tenderness "immediately" after receiving the influenza vaccine. Ex. 10 at 1.

- In a supplemental affidavit dated June 2019, Petitioner reiterated that she immediately experienced pain after the influenza vaccination that "continued to worsen as the day progressed." Ex. 15 at 1.

- Ms. Thornton also submitted three affidavits from coworkers. Exs. 16-18. All three coworkers were working with Petitioner on the day she received her influenza vaccination and reported that she complained of shoulder pain immediately after vaccination. *Id*.

The affidavits of Petitioner and witnesses are consistent with the medical evidence; therefore, I find the information contained therein credible. As such, I find preponderant evidence that petitioner's manifestation of onset after influenza vaccine administration occurred within 48 hours of October 6, 2016.

V.   Scheduling Order

Given my findings of fact regarding the onset of Petitioner's pain, Respondent should evaluate and provide his current position regarding the merits of petitioner's case.

**Accordingly, Respondent shall file, by no later than Monday, December 2, 2019, an amended Rule 4 Report reflecting Respondent's position in light of the above fact finding.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master